# Exhibit A

Ascension C-143669
Filed Apr 02, 2025 12:45 PM
NATALIE HANNA
Deputy Clerk of Court
E-File Received Apr 02, 2025 12:33 PM

Case 3:25-cv-00375-BAJ-RLB    Document 1-1    05/01/25    Page 2 of 7

**23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION**

**STATE OF LOUISIANA**

NO. _____                                                                DIV. " "

**LOIS DENCAUSSE TAN**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

FILED: _____                                         _____
                                                                                              **DEPUTY CLERK**

**PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Petitioner Lois Dencausse Tan (hereinafter "Petitioner"), and files her Petition against Defendant, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm"), respectfully averring as follows:

**I. PARTIES**

1. Made Plaintiff herein is **LOIS DENCAUSSE TAN**, a person of the age of majority residing in Geismar, Louisiana.

2. Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, an insurer domiciled in the State of Illinois which is authorized to do and is doing business in the State of Louisiana and the Parish of Ascension, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**II. JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

4. Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 42, 43, and 76.

**III. RELEVANT FACTS**

5. At all times relevant hereto, Petitioner owned the Property located at 37088 Rivergate Avenue, Geismar, Louisiana 70734.

6. At all times relevant hereto, Defendant provided a policy of insurance, number 18-BH-E910-4 (the "Policy'), to Petitioner which covered the Property against perils including

1

wind and hail and provided the following coverages: $259,200 for Dwelling; $25,920 for Other Structures; $194,400 for Personal Property; and $77,760 for Loss of Use, *inter alia*.

7. On or around May 12, 2024, a wind and hail storm caused significant damage to Petitioner's Property.

8. Petitioner promptly reported the loss to Defendant, who assigned it claim number 18-67M2-55W (the "Claim").

9. On or about May 16, 2024 and June 21, 2024, Defendant dispatched a field adjuster to inspect the Property and ultimately denied the Claim, concluding that the damage was caused by wear, tear, and deterioration to the roof shingles.

10. Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

11. Receiving no insurance funds, Petitioner was unable to make meaningful repairs to the Property.

12. As a result of Defendant's failure to timely and adequately compensate Petitioner for her covered loss, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

13. Quick Roofing inspected the Property's roof on Petitioner's behalf and created an estimate totaling $14,217.73 to repair damage to the roof caused by the May 12, 2024 storm.

14. On or about July 31, 2024, counsel for Petitioner submitted a demand for unconditional tenders to Defendant, along with a copy of the Quick Roofing estimate.

15. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

16. On or about August 8, 2024, State Farm responded to Petitioner's demand reiterating their denial of the Claim.

17. On or about September 17, 2024, Dupont Claim Services inspected the Property on Petitioner's behalf and created an estimate totaling $45,855.21 to repair damage to the Property caused by the May 12, 2024 storm.

18. On or about December 2, 2024, counsel for Petitioner submitted a demand for unconditional tenders to Defendant, along with a copy of the Dupont Claim Services estimate, supporting documents, and photographs documenting the loss.

19. This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

20. On or about December 4, 2024, State Farm responded to Petitioner's demand reiterating their denial of the Claim.

21. To date, no insurance proceeds have been forthcoming.

22. As a result of Defendant's failure to timely and adequately compensate Petitioner for her substantial losses, the Property remains in a state of disrepair.

23. Upon information and belief, Defendant's failure to timely and adequately compensate Petitioner for her loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

24. Upon information and belief, Defendant purposely and/or negligently misrepresented to Petitioner the terms and conditions of the Policy.

25. Upon information and belief, Defendant conducted the investigation and claims handling for Petitioner's' wind and hail claim in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

26. Petitioner has incurred or will incur additional living expenses as a result of the damages caused to her Property by the wind and hail storm, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

27. Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

28. An insurance contract, the Policy, exists between Petitioner and Defendant.

29. The Policy provides coverages for perils including wind and hail.

30. Despite having received satisfactory proof of loss for damages caused by the September 8, 2023 storm, Defendant failed to timely tender adequate insurance proceeds as required by the Policy.

31. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of its inspection, Defendant breached the Policy.

32. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the Apex estimate, Defendant breached the Policy.

33. By purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy, Defendant breached the Policy.

34. By failing to conduct the claims handling for Petitioner's wind and hail claim in good faith and with fair dealing, Defendant breached the Policy.

35. Petitioner has suffered and continue to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

36. Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

37. The actions and/or inactions of Defendant in failing to timely and adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

38. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

39. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

40. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

41. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioner adequate payment in connection with her wind and hail storm claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Quick Roofing and Dupont Claim Services.

42. Defendant's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

43. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

44. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time it received the Quick Roofing and Dupont Claim Services estimates was in bad faith.

45. Defendant's handling of Petitioner's Claim was in bad faith.

## IV. DAMAGES

46. Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, above, as if restated herein.

47. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

48. Petitioner requests a trial by jury.

**WHEREFORE,** Petitioner, Lois Dencausse Tan, prays that, Defendant, State Farm Fire and Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioner, Lois Dencausse Tan, and against, Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Petitioner pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

*[Signature Block and Service Instructions on Following Page]*

5

                                                    **RESPECTFULLY SUBMITTED:**

*Gretchen Liljeberg*
Galen M. Hair, La. Bar. No. 32865
Gretchen Liljeberg, La. Bar No. 40179
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70002
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hairshunnarah.com
gliljeberg@hstalaw.com

**Please Serve:**

**State Farm Fire and Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

6